IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE E. ABRAM,<br><br>        Plaintiff,<br><br>  vs.<br><br>LEON, Security Specialist 2; MISS MICHELLE, Security Specialist 2; STEPHANIE BEASLEY, Security Specialist 2; HUNTER, Security Guard; KOLTON, Security Guard; and LARRY SOHLER, 2 East Unit Manager,<br><br>        Defendants. | 8:20CV469<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he was given a privilege suspension at the NRC for allegedly calling another patient a derogatory name. When Plaintiff attempted to investigate the basis for his suspension by talking to Defendant security specialists Leon, Michelle, and Beasley, Plaintiff alleges that two security guards (Defendants Hunter and Kolton) threatened to, and did, inject Plaintiff with forced medication (with approval by Defendant Larry Sohler) "as a way to silence" him, which caused Plaintiff to suffer a severe anxiety attack. Plaintiff requests money damages from the Defendants in their individual capacities.

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff claims he was subjected to punitive conditions of confinement; that is, he was given forced injectable medication "as a way to silence" him and prevent

him from investigating a privilege suspension he had received, and that such forced medication[1] caused him to experience a severe anxiety attack.

"Neither pretrial detainees nor civilly committed individuals may be punished without running afoul of the Fourteenth Amendment." *Karsjens v. Lourey*, No. 18-3343, slip op. at 6 (8th Cir. Feb. 24, 2021). The Eighth Circuit Court of Appeals has recently clarified that the standard in *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), "applies equally to conditions of confinement claims brought by pretrial detainees and civilly committed individuals, as neither group may be punished." *Karsjens*, slip op. at 8.

> In analyzing whether a condition of confinement is punitive, courts "decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell*, 441 U.S. at 538. Unless the detainee can show "an expressed intent to punish . . . , that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation'" to such alternative purpose. *Id.* (alteration in original) (citation omitted); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A]s *Bell* itself shows (and as our later precedent affirms), a pretrial detainee can prevail by providing . . . objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

---

[1] The "deliberate indifference" standard applies to a civilly committed individual's claim of inadequate medical care. *Karsjens v. Lourey*, No. 18-3343, slip op. at 5 (8th Cir. Feb. 24, 2021) (citing *Senty-Haugen v. Goodno*, 462 F.3d 876, 889-90 (8th Cir. 2006)). "To prevail under that standard, a plaintiff must show that officials knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused his injuries." *Karsjens*, slip op. at 5 (quotation and citation omitted). Here, Plaintiff's claim is not really one of inadequate medical care, but instead alleges the medical effects of a form of punishment visited upon him.

3

*Karsjens*, slip op. at 6.

Here, Plaintiff alleges an express intent to punish him with no apparent alternative purpose. This is enough to allege a conditions-of-confinement claim against a civilly committed plaintiff. However, Plaintiff's allegations do not suggest that Defendant security specialists Leon, Michelle, and Beasley were anything but the recipients of questions from Plaintiff. Plaintiff does not accuse them of approving of or administering the forced medication. "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). The court shall allow Plaintiff to file an amended complaint to clarify if and how Defendants Leon, Michelle, and Beasley were directly and personally involved in violating Plaintiff's rights.

## IV. CONCLUSION

While Plaintiff has alleged enough facts to state a conditions-of-confinement claim against a civilly committed plaintiff as to Defendants Hunter, Kolton, and Sohler, he has not alleged direct participation in the constitutional violation by Defendants Leon, Michelle, and Beasley. The court shall give Plaintiff leave to file an amended complaint to clarify such Defendants' roles in the constitutional violation, in the absence of which such Defendants may be dismissed from this matter.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted as to Defendants Leon, Michelle,

4

and Beasley. Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

2.      If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint (Filing 1) (which currently alleges enough facts to state a conditions-of-confinement claim as to Defendants Hunter, Kolton, and Sohler) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.      In preparing an amended complaint, Plaintiff shall do his best to obtain the first **and** last names of the Defendants so that service of process can occur.

4.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915 in the event he files an amended complaint.

5.      The Clerk of the Court is directed to set the following pro se case management deadline: **March 29, 2021**—amended complaint due.

DATED this 25th day of February, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge