IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE E. ABRAM,<br><br>Plaintiff,<br><br>vs.<br><br>LEON CHATHAM, Security Specialist 2; MISS MICHELLE SULLIVAN, Security Specialist 2; STEPHANIE BEASLEY, Security Specialist 2; HUNTER LEWIS, Security Guard;  KOLTON NEUHAUS, Security Guard; and LARRY SOHLER, 2 East Unit Manager,<br><br>Defendants. | 8:20CV469<br><br>MEMORANDUM<br>AND ORDER |

On initial review of Plaintiff's pro se Complaint, the court concluded that Plaintiff alleged enough facts to state a conditions-of-confinement claim as to Defendants Hunter, Kolton, and Sohler, but he did not allege direct participation in the constitutional violation by Defendants Leon, Michelle, and Beasley.[1] (Filing 7.) The court gave Plaintiff leave to file an amended complaint to clarify such Defendants' roles in the constitutional violation. Plaintiff has filed an Amended Complaint (Filing 8), and the court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I.  SUMMARY OF AMENDED COMPLAINT

Plaintiff, a civilly committed mental patient, alleges that Defendants Leon Chatham, Michelle Sullivan, Stephanie Beasley, Hunter Lewis, and Kolton Neuhaus

---

[1] Plaintiff's original Complaint named four of the Defendants by their first names only. Plaintiff's Amended Complaint (Filing 8) includes such Defendants' last names. The caption in this Memorandum and Order has been updated to reflect the Defendants' full names.

held him down and restrained him while Defendant Larry Sohler forcefully administered two injections into Plaintiff's arms. Plaintiff claims that such injections were administered after Plaintiff attempted to gather information regarding how to resolve a misunderstanding and remove a treatment infraction from his chart and mental health records.

## II. DISCUSSION

The standards of review and elements of Plaintiff's claims were discussed in detail in the court's initial review of Plaintiff's first Complaint (Filing 7) and will not be repeated here. Instead, Plaintiff's Amended Complaint will be evaluated in light of the court's prior discussion.

As directed in the court's previous Memorandum and Order (Filing 7), Plaintiff's Amended Complaint alleges direct participation in the constitutional violation by all Defendants. Keeping in mind the liberal construction due pro se complaints and the lesser pleading standard to which pro se litigants are held, the court concludes that Plaintiff has alleged a plausible 42 U.S.C. § 1983 conditions-of-confinement claim. *Washington v. Harper*, 494 U.S. 210, 229 (1990) ("The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty."); *Thomas v. Eschen*, 928 F.3d 709, 713 (8th Cir. 2019) ("If officials forced [a civilly committed mental patient] to take drugs having no connection to his mental illness or intentionally injured him while treating him, for example, then [the patient] could have a viable damages claim under section 1983."); *Webb v. State of Nebraska*, No. 4:21CV3058, 2021 WL 2002925, at *4 (D. Neb. May 19, 2021) (plausible claim for relief stated against regional center staff who ordered criminally committed mental patient's seizure, restraint, and forced medication, who filled syringe with psychotropic drugs, who directed that patient be medicated, and who gave injection).

In light of the foregoing, the court will allow this action to proceed to service of process. The court cautions Plaintiff that allowing his claims to proceed to service of process is not a determination of the merits of his claims or potential defenses to them. Accordingly,

IT IS ORDERED:

1. The Clerk of Court shall update the caption of this case on the electronic docket sheet to match the caption of this case appearing in this Memorandum and Order.

2. The Plaintiff's Motion to Amend Complaint (Filing 8) is granted, and such Motion has been considered as the Amended Complaint. The Clerk of Court shall indicate on the electronic docket sheet that Filing 8 is the Amended Complaint.

3. For service of process on Defendants Leon Chatham, Michelle Sullivan, Stephanie Beasley, Hunter Lewis, Kolton Neuhaus, and Larry Sohler in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendants using the address "Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701" and forward them together with a copy of the Amended Complaint (Filing 8) and a copy of this Memorandum and Order to the Marshals Service.[2] **The Marshals Service shall serve Defendants Leon Chatham, Michelle Sullivan, Stephanie Beasley, Hunter Lewis, Kolton Neuhaus, and Larry Sohler personally in their individual capacities at the <u>Norfolk Regional Center, 1700 N. Victory Rd., Norfolk, NE 68701</u>**. Service may also be accomplished by using any of

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases**." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

the following methods: residence, certified mail, or designated delivery service. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

5. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

6. Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 27th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge