IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE E. ABRAM,<br><br>    Plaintiff,<br><br> vs.<br><br>LEON CHATHAM, Security Specialist 2; MISS MICHELLE SULLIVAN, Security Specialist 2; STEPHANIE BEASLEY, Security Specialist 2; HUNTER LEWIS, Security Guard; KOLTON NEUHAUS, Security Guard; and LARRY SOHLER, 2 East Unit Manager;<br><br>    Defendants. | **8:20CV469**<br><br><br>**ORDER** |

  Plaintiff, pro se, is incarcerated in the Norfolk Regional Center in Norfolk, Nebraska, and filed this action for claimed violations of his federally protected rights. After an initial review, the court concluded Plaintiff alleged a plausible 42 U.S.C. § 1983 conditions-of-confinement claim. (Filing No. 9). Plaintiff has now filed a motion for appointment of counsel. (Filing No. 20).

  "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)(citation omitted). Rather, pursuant to 28 U.S.C. § 1915(e), when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *Id*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)). In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

  At this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The issues in Plaintiff's amended complaint are not particularly complex and Defendants have

moved to dismiss Plaintiff's amended complaint on purely legal grounds. (Filing No. 27). This case is still at the pleading stage, so there is no conflicting testimony. As an incarcerated individual, Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." See *Recca v. Omaha Police Dep't*, No. 20-2560, — Fed. App'x —, 2021 WL 2285235, at *2 (8th Cir. 2021)(citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Therefore, having considered the factors above, Plaintiff's request for appointment of counsel will be denied without prejudice to reassertion as the case progresses. Accordingly,

**IT IS ORDERED**: Plaintiff's Motion for Appointment of Counsel (Filing No. 20) is denied, without prejudice.

Dated this 14th day of September, 2021.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge